UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

M.G., JR., by next friend
THE CHILDREN'S RIGHTS INITIATIVE, INC.,

                       Plaintiff,                      **COMPLAINT**
                                                                  1:13-CV-1257 [DNH/RFT]
      v.                                              Jury Trial Demanded

CITY OF SCHENECTADY SCHOOL DISTRICT;
MARIANNE CRISTELLO in her individual and official
capacity; BARBARA COFFEY in her individual and
official capacity; PATRICIA PASER in her individual
and official capacity; JOHN YAGIELSKI in his individual
and official capacity; and JOHN DOE(S) and JANE DOE(S),

                       Defendants.

Plaintiff M.G., Jr., by and through his attorneys, The Children's Rights Initiative, Inc., as and for his Complaint against Defendants, City of Schenectady School District, Marianne Cristello, Barbara Coffey, Patricia Paser, John Yagielski, and John Doe(s) and Jane Doe(s), alleges as follows:

## INTRODUCTION

1.      The within action seeks to recover for, *inter alia*, the deprivation of due process, assault/battery, negligence, intentional and/or reckless infliction of emotional distress, and failure to supervise, pursuant to the laws of the United States and State of New York to remedy violations of the rights of the Plaintiff for injuries and harm caused by the Defendants in their individual and official capacities.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to the laws of the United States, specifically 42 U.S.C.

1

§ 1983, and the State of New York. This action is for monetary damages and injunctive relief.

3.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

4.    Venue is proper in Schenectady County pursuant to 28 U.S.C. § 1391.

5.    On or about July 5th, 2012, a Notice of Claim was served upon the Defendants. At least 30 days has passed since the service of said Notice of Claim and payment thereon has been declined.

## PARTIES

6.    Plaintiff M.G., Jr. is a minor, born ▮▮▮▮▮ 2005, a natural person and at all times relevant hereto, a resident of the State of New York, County of Schenectady.

7.    Defendant City of Schenectady School District is a municipal corporation duly organized and existing under the laws of the State of New York and maintains a principal place of business at 108 Education Drive, Schenectady, New York 12303.

8.    Defendant Marianne Cristello is a Grade 1 teacher employed by the Woodlawn Elementary School, within the Schenectady School District. At all times relevant hereto, Defendant is a resident and is employed within the State of New York, County of Schenectady. Defendant Cristello is sued in her individual capacity.

9.    Defendant Barbara Coffey, at all times relevant hereto, was the Principal of Woodlawn Elementary School, within the Schenectady School District, and as such is responsible for the enforcement of the customs, policies, practices, and rules of the Schenectady School District. At all times relevant hereto, Defendant was a resident and was employed within the State of New York, County of Schenectady. Defendant Coffey is sued in her individual and official capacity.

10. Defendant Patricia Paser, at all times relevant hereto, is the Schenectady City School District Assistant Superintendent, and as such is responsible for the creation and enforcement of the customs, policies, practices, and rules of the Schenectady School District. At all times relevant hereto, Defendant is a resident and is employed within the State of New York, County of Schenectady. Defendant Paser is sued in her individual and official capacity.

11. Defendant John Yagielski, at all times relevant hereto, was the Schenectady City School District Superintendent, and as such is responsible for the creation and enforcement of the customs, policies, practices and rules of the Schenectady School District. At all times relevant hereto, Defendant was a resident and was employed within the State of New York, County of Schenectady. Defendant Yagielski is sued in his individual and official capacity.

**FACTS**

12. On December 16, 2011, Plaintiff wanted to go home from school after the Christmas concert. When Plaintiff's teacher, Defendant Cristello, saw Plaintiff using a cellphone, she put her hands on Plaintiff, and shook him. Defendant yelled in Plaintiff's face. Plaintiff began crying. Defendant Cristello repeatedly yelled at Plaintiff to "stop crying" and when Plaintiff could not stop crying, Defendant Cristello grabbed Plaintiff by the arm and shook him, continued to yell at him, then physically forced Plaintiff into a seat.

13. Upon information and belief, this incident is one of many in which Defendant Cristello has yelled and/or unlawfully placed her hands on students. Upon information and belief, Defendants are and were aware of these incidents prior to December 16, 2011 and failed to take any protective action and further failed to train, supervise, monitor and/or discipline Defendant Cristello.

14. Defendant Cristello's acts towards the Plaintiff were witnessed by parents of other

children. One of the parents called Plaintiff's mother and said in words and substance to please come and pick up her son, that the teacher grabbed her son by his arm and is yelling in his face.

15. Plaintiff's father went to the Woodlawn Elementary School office so that he could speak with the Principal, Defendant Coffey, and take Plaintiff home. Plaintiff's father spoke to Mrs. Donahue (Defendant Coffey's secretary) in her office. While in the office, Defendant Cristello entered and interrupted the meeting and gave a false account of the events, stating that she was on the other side of the room and never touched Plaintiff. Defendant Cristello gesticulated aggressively and stated "I have a classroom full of students. I don't have time for this" and then stormed out of the office.

16. Later that day, Plaintiff's mother met with Defendant Coffey and Defendant Cristello. Defendant Cristello again gave a false account of the events, and Defendant Coffey defended her and said "Mrs. Cristello has been teaching for many years and I can't imagine this happening".

17. Despite Plaintiff's parents' demand for same, Defendant Coffey failed to investigate the incident, nor direct any other employee to investigate the incident, or talk to witnesses to the event.

18. Plaintiff reported to his parents that night that Defendant Cristello was "very rough" and that he was scared to tell his parents how Defendant Cristello had treated him.

19. On or about December 19, 2011, Schenectady City School District Assistant Superintendent Defendant Paser called Plaitniff's mother and informed her that she would be "handling" the incident. Plaintiff's mother wanted to meet with the Superintendent, but Defendant Paser discouraged her from doing so, saying it would "drag out" the fact finding process, but refused to confirm her statements in writing.

20. On December 20, 2011 Defendant Patricia Paser interviewed Defendant Cristello, Defendant Coffey, Plaintiff's parents, and Plaintiff.

21. During her interview with Defendant Paser, and for the first time, Defendant Coffey stated that she had interviewed Plaintiff and that Plaintiff had stated that Defendant Cristello had grabbed his hand.

22. In her interview with Defendant Paser, Defendant Cristello gave a second false account of the events. Defendant Cristello stated that she was concerned for Plaintiff using the cell phone of another child's parent. Defendant Cristello also admitted that she "may have raised [her] voice a little".

23. Plaintiff's mother was asked if she wanted Plaintiff moved to a different classroom. Plaintiff's mother responded that she did not want her son to have to change friends and classmates, and that it should be the teacher who should be replaced, evaluated, and/or sent to anger management.

24. Upon information and belief, at no time were any of the allegations reported to CPS by any employee of the Defendant City of Schenectady School District, nor any other provision of New York Education law Title I, Article 23-B: Child Abuse in Educational Setting complied with, as required by law.

25. On December 22, 2011, Plaintiff's mother wrote a letter to Schenectady City School District Superintendent, Defendant John Yagielski, in which she informed Defendant Yagielski of the events, and of his obligations regarding New York Education law, Title I, Article 23-B.

26. Upon information and belief, despite Plaintiff's mother's letter, Defendant Yagielski did not comply with his obligations under New York Education law, Title I, Article 23-B.

27.     Thereafter, on or about May 24, 2012, Plaintiff was helping out in the classroom by putting toys away in bins. During this time, a toy ben fell and hit Plaintiff in the face. Plaintiff was sent to the nurse, but there were no marks, and Plaintiff stated that he was fine. The school nurse called Plaintiff's mother, and together they made the determination that Plaintiff was fine and could go back to class.

28.     When Plaintiff's mother came to pick up the Plaintiff from school on May 24, 2012, Plaintiff's face was sunburned. Plaintiff had gotten the sunburn when he was not allowed to participate in recess during lunch break, but instead was made to sit on a bench outside for the entire recess.

29.     Plaintiff's mother took Plaintiff with her to speak to Defendant Coffey to ask what happened and Defendant Coffey stated "[Plaintiff] was hurt in the class room for doing something he was not supposed to be doing" so Mrs. Clark made him sit on a bench for the recess, and further that it was "hot outside" and for Plaintiff's "own good".

30.     Defendant Coffey told Plaintiff's mother that Plaintiff was not the only one seated on the bench at recess, but Plaintiff observed that other children were at the bench only for a few minutes, but were then allowed to go play. Plaintiff was made to sit at the bench for the entire recess, thus causing his face to burn.

31.     Defendant Cristello was called to the meeting, at which point she stated that she and Mrs. Clark had sat Plaintiff out "for his own good". Defendant Coffey repeated her statement that Plaintiff was doing what he should not have been doing. Defendant Cristello thereafter immediately changed her account, and falsely stated that the toy bins were in an area of the room that Plaintiff did not "belong". Upon information and belief, Defendant Coffey's actions were motivated in whole

6

or part by the attempts to seek redress for the violation of Plaintiff's rights.

32. As a direct and proximate result of the Defendants' unlawful conduct, the Plaintiff has suffered harm including but not limited to shock, alarm, fright, extreme anxiety, embarrassment, stress, pain, suffering, fatigue, extreme emotional harm and injury, and loss of enjoyment of life.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS CRISTELLO AND CITY OF SCHENECTADY SCHOOL DISTRICT FOR VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS RIGHTS

33. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

34. Defendant Cristello subjected Plaintiff, a 6 year old at the time, to conscience shocking conduct, i.e., assault and battery, screaming, and yelling.

35. Plaintiff is constitutionally entitled to attend school and participate in programs without seizure or violation of his bodily integrity, and to be free from assault and battery, intimidation, and excessive force by agents of the school.

36. The above stated acts of the Defendant Cristello were in violation of Plaintiff's rights secured to him under the Constitution of the United States, namely, his Fourteenth Amendment substantive due process rights.

37. As a result of Defendant Cristello's unlawful actions, Plaintiff sustained damages as set forth above, and is entitled to compensation therefor.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT CRISTELLO
## FOR ASSAULT AND BATTERY

38. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 37 above.

39. Defendant Cristello intended to create an apprehension in the Plaintiff of an imminent harmful and/or offensive contact through shouting and approaching Plaintiff in an aggressive and threatening manner.

40. Plaintiff experienced apprehension of imminent harmful and/or offensive contact from Defendant Cristello due to her actions.

41. Defendant Cristello made harmful and/or offensive bodily contact with Plaintiff.

42. Defendant Cristello intended to make the contact and/or was grossly negligent and/or reckless.

43. Plaintiff did not consent to Defendant Cristello's contact, nor was Defendant's contact within the scope of any privilege.

44. As set forth above, Plaintiff has sustained damages by reason of Defendant Cristello's wrongful actions and is entitled to compensatory and punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS CITY OF SCHENECTADY SCHOOL DISTRICT,
## CRISTELLO, COFFEY, PASER, AND YAGIELSKI
## FOR NEGLIGENCE

45. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 44 above.

46. Defendants City of Schenectady School District, Cristello, Coffey, Paser, and Yagielski are in *parens patriae* and owe a duty to Plaintiff to protect him and keep his school

environment free from harassment and harm.

47. Defendant Cristello, Coffey, and Mrs. Clark breached their duty to Plaintiff by subjecting him to physical and emotional harm with reckless disregard to his safety and welfare in forcing him to sit on a bench for the entire duration of recess under the sun to the point where he was burned.

48. Defendants breached said duty by taking no action to protect Plaintiff in his school environment or to ensure that it is free from harassment, retaliation and harm.

49. Defendants breached said duty *per se* by not complying with the provisions set forth in New York Education Law, Title I, Article 23-B, an ongoing duty, which they are required to do by law.

50. As a result of the breach of Defendants' duties, Plaintiff has been harmed and is entitled to compensation therefor.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT CRISTELLO FOR INTENTIONAL AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 50 above.

52. Defendant Cristello's conduct was extreme and outrageous.

53. Defendant Cristello intended to cause Plaintiff severe emotional distress and/or recklessly disregarded the substantial probability that her conduct would cause Plaintiff severe emotional distress and physical harm.

54. Plaintiff suffered severe emotional distress as a direct result of Defendant Cristello's conduct, resulting in nightmares, fear and phobia of school, fatigue, and distress.

55. As set forth above, Plaintiff has sustained damages as a result of his injuries and emotional distress, and is entitled to compensatory and punitive damages therefor.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT CITY OF SCHENECTADY SCHOOL DISTRICT
## FOR FAILURE TO SUPERVISE/TRAIN/DISCIPLINE

56. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 55 above.

57. Defendant City of Schenectady School District and the other named Defendants knew or should have known of Defendant Cristello's ongoing harassment and unreasonable punishment of her students.

58. Defendant City of Schenectady failed to train its employees to avoid such conduct and/or prevent and/or report such conduct to the proper authorities. Additionally and/or alternatively, Defendant City of Schenectady failed to monitor, supervise and/or discipline Defendant Cristello even though there was clearly a need to do so.

59. Defendant City of Schenectady knew or should have known that such failure to train and/or implement policies and/or monitor, supervise and/or discipline Defendant Cristello to prevent such tortious and illegal conduct would result in such conduct occurring, and was thus deliberately and/or recklessly indifferent.

60. As a result, Plaintiff sustained damages as set forth above, and is entitled to compensation therefor.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST DEFENDANTS
### CRISTELLO, COFFEY, PASER, AND YAGIELSKI
### FOR RETALIATION IN VIOLATION OF PLAINTIFF'S FIRST
### AMENDMENT RIGHTS

61. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 60 above.

62. Plaintiff, through his mother, made complaints to the school regarding the tortious and illegal conduct of Defendant Cristello. Said complaints constitute protected activity under the First Amendment to the United States Constitution.

63. In response to Plaintiff exercising his first amendment rights, Plaintiff was, among other things, disciplined disproportionately to other students, without basis, resulting in sunburn and in danger of heat illness.

64. As a result, Plaintiff was injured and harmed and sustained damages as set forth above, and is entitled to compensation therefor.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANTS
### CRISTELLO, COFFEY, PASER, AND YAGIELSKI
### FOR RETALIATION IN VIOLATION OF PLAINTIFF'S
### RIGHTS UNDER THE NEW YORK CONSTITUTION

65. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 64 above.

66. Defendants violated Plaintiff's right to free speech, pursuant to Article I, § 8 of the Constitution of the State of New York in that Plaintiff was retaliated against for complaining about the tortious and illegal conduct of Defendant Cristello. Said complaints constitute protected activity under Article I, § 8 to the New York Constitution.

67. Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following:

    a.    compensatory and punitive damages in a sum to be determined by the jury in excess of all lower courts jurisdictional amounts;

    b.    attorneys' fees, costs, and disbursements;

    c.    for each Cause of action, granting the following injunctive relief:

        1.    Restraining the Defendants from engaging in further unlawful conduct against Plaintiff;

        2.    Require the Defendants to review and correct all unconstitutional, tortious and retaliatory treatment and conduct within the City of Schenectady School District;

        3.    Mandate training and educational programs for employees about student rights; and

        4.    An apology;

    d. declaratory relief that the Defendants have violated the Plaintiff's rights under the law; and

    e.    such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial of all claims herein.

Dated: October 4, 2013
      Rome, New York

*[signature]*

A.J. Bosman, Esq.
Daniel W. Flynn, Esq.
The Children's Rights Initiative, Inc.
*Attorneys for Plaintiff*
6599 Martin Street
Rome, New York 13440
Tel: (315) 336-9130